IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YOU MAP, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>SNAP INC., ZENLY S.A.S., ZENLY INC., EVAN SPIEGEL, ANTOINE MARTIN, ALEXIS BONILLO, ALEXANDRE BERNARD, NICOLAS DANCIE, NOE LOTERMAN, NICOLAS FALLOURD, JONATHAN ETAIX, CHRISTOPHE KEREBEL and ROY MARMLESTEIN,<br><br>        Defendants. | Civil Action No. 20-162-CFC |

## ORDER

Pending before me are objections filed by Plaintiff You Map, Inc. (D.I. 46) and by Defendants Snap Inc. and Zenly Inc. (D.I. 47) to the Magistrate Judge's recommendation that I grant in part and deny in part Defendants' motion to dismiss (D.I. 37). The Magistrate Judge explained the bases for her recommendation in a thorough and thoughtful Report and Recommendation (D.I. 45).

I have reviewed the Report and Recommendation, the parties' objections and responses thereto, and the briefing the parties submitted to the Magistrate Judge in connection with the underlying motion to dismiss.

The Magistrate Judge had the authority to make her findings and recommendations under 28 U.S.C. § 636(b)(1)(B). I review her findings and recommendations de novo. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

I.  **You Map's Objections**

You Map objects to the Magistrate Judge's recommendations that I (1) dismiss for lack of personal jurisdiction Defendant Zenly S.A.S.; (2) dismiss for lack of personal jurisdiction Defendants Nicolas Dancie and Nicolas Fallourd; (3) deny You Map's request for jurisdictional discovery; and (4) dismiss You Map's claim against Snap for tortious interference with contract.

A.  **Personal Jurisdiction over Zenly S.A.S**

Here is the totality of what You Map alleges in its First Amended Complaint about Zenly S.A.S.:

- "Defendant Zenly S.A.S. is a French limited liability company by shares with a business address at 4- 6 Passage Louis Philippe 75011 Paris – France," D.I. 33 ¶ 37.

- "Zenly SAS and Zenly, Inc. are collectively referred to as 'Zenly' in this First Amended Complaint. Upon information and belief, both Zenly entities acted collectively and in concert as asserted in the allegations herein through their agents and representatives, including the Individual Defendants." D.I. 33 at 1 n.1.

According to the First Amended Complaint, "Defendant Zenly Inc. is a Delaware corporation with a registered office care of The Company Corporation, 251 Little

2

Falls Dr., Wilmington, DE 19808 and, upon information and belief, it was dissolved on May 22, 2017."

You Map argues that I have personal jurisdiction over Zenly S.A.S. because Zenly S.A.S. and Snap have an agency relationship and because Zenly, Inc. is the alter ego of Zenly S.A.S. But both an alter ego theory and an agency theory require demonstrating that one entity exercises control over the other. *Adtile Techs. Inc. v. Perion Network Ltd.*, 192 F. Supp. 3d 515, 522 (D. Del. 2016) (permitting personal jurisdiction under an agency theory based on the "degree of control which the parent exercises over the subsidiary" such that the "independence of the separate corporate entities is disregarded" (internal citations, quotations, and alterations omitted)); *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 266 (D. Del. 1989) (listing factors for finding an alter ego relationship including inattention to corporate formalities, comingling of assets, or "where a corporate parent exercises complete domination and control over its subsidiary"). Nowhere in You Map's Complaint does it allege that Snap controls Zenly S.A.S. or that Zenly S.A.S. controls Snap or Zenly, Inc. *See, e.g.*, D.I. 33 ¶¶ 25, 26, 80, 89, 91 (alleging certain individuals acted at the joint direction of "Zenly and Snap"); D.I. 33 ¶ 1 (alleging Zenly S.A.S. and Zenly Inc. acted "collectively").

In other words, the allegations in You Map's First Amended Complaint are wholly insufficient to provide a basis for personal jurisdiction. These "passing

3

reference[s] to an issue will not suffice to bring that issue before this court." *Skretvedt v. E.1 DuPont De Nemours*, 372 F.3d 193, 202-03 (3d Cir. 2004) (internal quotation marks and citation omitted); see also *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived.") (citation omitted)).

Therefore, I agree with the Magistrate Judge's recommendation as to personal jurisdiction over Zenly S.A.S.

### B.  Personal Jurisdiction over Dancie and Fallourd

You Map argues that I have personal jurisdiction over Defendants Nicolas Fallourd and Nicolas Dancie under Delaware's long arm statute, 10 Del. C. § 3104(c), or Federal Rule of Civil Procedure 4(k)(2), because (1) the Beta Testing of You Map's product occurred in the United States; (2) Dancie's and Fallourd's actions would have a "foreseeable . . . effect" in the United States; and (3) the Defendants have sufficient contacts with the United States to satisfy due process. D.I. 46 at 4–5.

You Map alleges that both Dancie and Fallourd reside in Paris, France, D.I. 33 ¶¶ 39, 41; participated in Beta Testing of You Map's product, D.I. 33 ¶¶ 80, 83, 85, 89; signed confidentiality agreements with You Map related to the Beta Testing, D.I. 33 ¶ 75; and "used and incorporated the Trade Secrets" into Zenly's

4

product, D.I. 33 ¶ 101. You Map further alleges that Fallourd was present for meetings between Zenly and Snap, though it is not clear where those meetings took place. D.I. 33 ¶ 20. Finally, You Map alleges that You Map software was hosted on servers located in the United States. D.I. 33 ¶ 22. These allegations are insufficient to support any of You Map's three theories.

First, You Map points to no authority suggesting that downloading virtual content hosted in the United States is sufficient to grant federal personal jurisdiction, and I do not know of any.

Second, You Map's discussion of a "foreseeable effect" invokes the stream of commerce theory of personal jurisdiction. D.I. 46 at 4 (citing *Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 367 (D. Del. 2008) (discussing the stream of commerce theory)). But You Map never alleges that Dancie and Fallourd helped put the Zenly application into the stream of commerce; instead, Dancie and Fallourd targeted the United States only by downloading content hosted in the United States as part of You Map's Beta Testing. D.I. 33 ¶ 22. I decline to stretch personal jurisdiction to cover such a limited virtual interaction. *Accord Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) ("[W]e decline to adopt [plaintiffs'] stream-of-commerce theory of specific personal jurisdiction.").

Third, Rule 4(k)(2) allows service of process to establish personal jurisdiction if, among other requirements, "exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). Since the only alleged contact between the United States and either Dancie or Fallourd is participation in the Beta Testing, You Map has failed to allege sufficient contacts to meet the requirements of Rule 4(k)(2). *See Saudi v. Acomarit Maritimes Servs., S.A.*, 114 F. App'x 449, 456 (3d Cir. 2004) ("[Plaintiff] presents no evidence that [defendant] solicited or transacted business in the United States. The District Court did not err in finding lack of sufficient contacts . . . ."); *BP Chemicals Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 261 (3d Cir. 2000) ("[A] non-resident's contracting with a forum resident . . . is insufficient to establish the requisite minimum contacts." (internal quotations and citation omitted)).

Therefore, I agree with the Magistrate Judge's recommendation as to personal jurisdiction over Defendants Fallourd and Dancie.

C.  **Jurisdictional Discovery**

Jurisdictional discovery requires "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state" rather than "a fishing expedition based only upon bare allegations . . . ." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (internal citation, alterations, and quotations

omitted).[1] You Map requests jurisdictional discovery to "seek evidence about Zenly S.A.S.'s . . . decision to incorporate Zenly Inc. in Delaware." D.I. 33 at 22 n.7. But the mere act of establishing a corporate subsidiary in Delaware only grants specific jurisdiction over the parent if establishment of the subsidiary is "an integral component" of the transaction to which the claim relates. *Connecticut Gen. Life Ins.*, 2011 WL 5222796, at *2 (Del. Ch. Oct. 28, 2011). The Magistrate Judge found, and You Map does not dispute, that You Map made no allegations suggesting that Zenly Inc.'s incorporation in Delaware "was in any way related to the misappropriation of Plaintiff's trade secrets." D.I. 45 at 15. Thus, You Map has alleged no facts supporting with particularity its request for jurisdictional discovery. Therefore, I agree with the Magistrate Judge's recommendation to deny You Map's request for jurisdictional discovery.

D. **Tortious Interference**

Tortious interference with contract requires "'(1) a contract, (2) about which defendant knew, and (3) an intentional act that is a significant factor in causing the

---

[1] You Map argues that the proper standard for jurisdictional discovery was laid out in a 1997 Third Circuit case that stated, "[o]ur rule is generally that jurisdictional discovery should be allowed unless the plaintiff's claim is 'clearly frivolous[,]'" *Massachusetts Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) (citations omitted). But the Third Circuit rejected jurisdictional discovery and suggested it is generally granted to determine whether corporate defendants are doing business in a particular state. *id.* I will instead defer to the Third Circuit's more recent holding in *Eurofins Pharma*.

breach of such contract, (4) without justification, (5) which causes injury.'" *O'Gara v. Coleman*, 2020 WL 752070, at \*9 (Del. Ch. Feb. 14, 2020) (quoting *Bhole, Inc. v. Shore Invs., Inc.*, 67 A.3d 444, 453 (Del. 2013)).

You Map argues that the Magistrate Judge erred in recommending the dismissal of its tortious interference with contract claim against Snap. But You Map failed to allege facts sufficient to show that Snap knew of the confidentiality agreements between Zenly's employees and You Map. You Map makes a conclusory allegation that Snap knew of the confidentiality agreements Zenly's employees signed to participate in the Beta Testing of You Map's product. D.I. 33 ¶ 22, 139. But You Map does not plead any further factual allegations plausibly suggesting that Snap knew of those confidentiality agreements. Thus, You Map's allegation is a mere unsupported conclusion, containing no evidence of how, when, or from whom Snap found out about the confidentiality agreements. The Court may reject such "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997), and "unsupported conclusions," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), made at the pleadings stage. *See also Align Tech., Inc. v. 3Shape A/S*, 339 F. Supp. 3d 435, 441 (D. Del. 2018) (same). Thus, You Map has not adequately pleaded the elements of a tortious interference claim and I will overrule You Map's objection.

## II. Defendants' Objections

Zenly Inc. and Snap Inc. object to the Magistrate Judge's recommendations that I (1) decline to dismiss all claims against all Defendants on the grounds of *forum non conviens*; (2) decline to dismiss trade secret misappropriation and tortious interference claims against Zenly Inc.; and (3) decline to dismiss trade secret misappropriation claims against Snap.

### A. Forum Non Conveniens

Defendants argue that I should dismiss this case on the grounds of *forum non conveniens* and that the Magistrate Judge improperly failed to address this argument. D.I. 47 at 4–5. But Defendants argued before the Magistrate Judge for dismissal for the benefit of the French Defendants. Defendants wrote that I should dismiss the case on *forum non conveniens* grounds "[e]ven if this Court had jurisdiction over the French Defendants" and because "[t]he French Defendants are willing to consent to French jurisdiction." D.I. 37 at 13–14. Since the Magistrate Judge recommended dismissing the claims against the French Defendants—Zenly S.A.S., Nicolas Foullard, and Nicolas Dancie—for lack of personal jurisdiction, I agree that declining to reach the *forum non conveniens* argument is appropriate.

Further, Defendants' argument would fail on the merits. I give a "strong presumption" in favor of You Map's forum choice, *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 190 (3d Cir. 2008), unless, as Defendants briefing

explained, "'the private and public interest factors weigh heavily in favor of dismissal[,]'" D.I. 37 at 13 (quoting *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 180 (3d Cir. 1991)); *see also Trotter v. 7R Holdings LLC*, 873 F.3d 435, 443 (3d Cir. 2017) (similar). Two of the public interest factors are deciding localized controversies at home and trying cases in a "forum that is at home with the law that must govern the action . . . ." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 162 (3d Cir. 2010) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252, 258 n.6, 70 L. Ed. 2d 419 (1981)). Here, a Delaware corporation, You Map, brings suit against two other Delaware corporations, Zenly Inc. and Snap, over violations of Delaware statutory and common law. D.I. 33 ¶¶ 35, 36, 38, 129–132. Since both public interest factors mentioned above thus weigh heavily in favor trying this case in Delaware, the public interest factors as a whole "heavily" favor dismissal. Therefore, I deny the objection and decline to dismiss on the ground of *forum non conveniens*.

**B.   Claims Against Zenly Inc.**

Defendants argue that the Magistrate Judge improperly applied You Map's undifferentiated allegations against Zenly Inc. and Zenly S.A.S. to Zenly Inc. D.I. 46 at 5–8. You Map alleges, in a footnote, that "both Zenly entities acted collectively and in concert . . . ." D.I. 33 at 1 n.1. In declining to dismiss claims of tortious interference with contract and trade secret misappropriation against Zenly

Inc., the Magistrate Judge explained that Rule 12(b)(6) requires that "the court must accept the allegations in the pleading as true." D.I. 45 at 19 n. 11. The Magistrate Judge also cited to Judge Stark's decision in *Align Technology, Inc. v. 3Shape A/S*, 339 F. Supp. 3d 435, 447 (D. Del. 2018), to dismiss claims of direct patent infringement against two defendants after the plaintiff pleaded that "both of the Defendants did everything." D.I. 45 at 19. Defendants respond that You Map made no individualized allegations against Zenly Inc.; that *Align Technology* is distinguishable because, there, the plaintiffs alleged "directly" that both defendants took each action, while You Map, here, pleads only on information and belief; and that *Adverio Pharma GmbH v. Alembic Pharm. Ltd.*, 2019 WL 581618, at *6 (D. Del. Feb. 13, 2019), where Judge Stark "lump[ed]" together against multiple defendants under Rule 12(b)(6) better parallels the present controversy than does *Align Technology*. D.I. 47 at 5–8.

I agree with the Magistrate Judge. As a practical matter, You Map cannot determine what actions are properly attributable to Zenly S.A.S. versus to Zenly Inc., since, as You Map argues, "the requisite facts are particularly within the [D]efendant[s'] knowledge and control." D.I. 50 at 5. You Map's pleading on information and belief is sufficient. Further, *Align Technology* is more analogous to this case: There, the plaintiff alleged that the "both of the Defendants did everything." 339 F. Supp. 3d 435, 447 (D. Del. 2018); *see also IOENGINE, LLC*

11

*v. PayPal Holdings, Inc.*, 2019 WL 330515, at *11 (D. Del. Jan. 25, 2019) (following *Align Technology* on this point). Similarly, here, You Map alleges Zenly Inc. and Zenly S.A.S. "acted collectively and in concert . . . ." D.I. 33 at 1 n.1. By comparison, the defendant dismissed in *Adverio Pharma* worked only on submission of an FDA application for the product at issue and was not involved in "the commercial manufacture, use, or sale" of that product. 2019 WL 581618, at *5–*6. Thus, I decline to dismiss the allegations against Zenly Inc.

### C.     Claims Against Snap

You Map alleges that Snap misappropriated trade secrets to the detriment of You Map under both the Delaware Uniform Trade Secrets Act (DUTSA) and the Defend Trade Secrets Act (DTSA). D.I. 33 ¶¶ 123, 129–132. The Magistrate Judge recommended that I hold that You Map's allegations are sufficient to survive a motion to dismiss because the First Amended Complaint (FAC) "plausibly alleges misappropriation" as to Snap; as she explained, You Map alleged that "Snap later obtained and used the trade secrets that are alleged to have been misappropriated by Zenly." D.I. 45 at 17, 19 (emphasis removed). Defendants object that there is no factual basis in the FAC for the conclusion that Snap had the requisite knowledge to support a trade secret misappropriation claim because the FAC "says nothing about *how* Snap became aware, *who* at Snap was

aware, *from whom* it obtained that information, or *when*." D.I. 47 at 9 (emphases in original).

You Map makes the following allegations relevant to Defendants' objection:

> Upon information and belief, in furtherance of the strategy of gaining access to YOUMAP® [i.e., You Map's product] and YouMap's Trade Secret Technologies, Zenly and its representatives met with Snap and its representatives on, or in the days leading up to, November 15, 2016, to discuss YOUMAP®, YouMap's mobile software application, and the Beta Testing. . . . What happened on November 15, 2016 is that Zenly and Snap solidified their plan to access YouMap's Trade Secret software technology via the Beta Testing of YOUMAP® and steal as much of that Trade Secret Technology for purposes of incorporating it into their respective ZENLY and SNAP MAP products. . . .
>
> In the Zenly/Snap Deal, Zenly sold ZENLY to Snap, but Zenly did not have rights in the Trade Secrets to sell that software technology to Snap. Even worse, Snap was aware that Zenly lacked any rights in and to the misappropriated Trade Secret Technology, thereby acting as a complicit co-conspirator in the theft and misappropriation of YouMap's valuable Trade Secrets. Yet, Snap incorporated the Trade Secrets into SNAPCHAT . . . .

D.I. 33 ¶¶ 20, 105. You Map also alleged that Snap and Zenly shared a key investor, D.I. 33 ¶¶ 10–12; that Zenly employee Nicolas Fallourd, who participated in the Beta Testing of You Map's product, was involved in negotiations with Snap, D.I. 33 ¶¶ 20, 85; and that Zenly's employees did not request access to the Beta Testing until after Zenly's negotiations had begun with Snap, D.I. 33 ¶ 21.

13

Misappropriation under the DUTSA includes disclosure of a trade secret by a person who "knew or had reason to know that that his or her knowledge of the trade was: . . . [d]erived from or through a person who had utilized improper means to acquire it . . . ." 6 Del. C. § 2001(2)(b). The DTSA is similar. 18 U.S.C. § 1839(5)(B)(ii) ("[U]se of a trade secret . . . by a person who . . . knew or had reason to know that the knowledge of the trade secret was—(I) derived from . . . a person who had used improper means to acquire the trade secret . . . ."). On a motion to dismiss under Rule 12(b)(6), plaintiff's claims must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Here, You Map alleges that Snap knew Zenly lacked rights in You Map's trade secrets; knew Zenly's product used those trade secrets; and acquired Zenly's product with that knowledge. D.I. 33 ¶ 105. I found previously that You Map failed to plausibly allege that Snap knew of the confidentiality agreements Zenly's employees signed with You Map. But You Map has pled sufficient additional facts—including the meetings between Snap and Zenly prior to the Beta Testing and Fallourd's involvement in both those meetings and the Beta Testing—to

support a plausible allegation that Snap knew Zenly acquired You Map's technology by improper means. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). I agree with the Magistrate Judge's determination and overrule Defendants' objection.

## III. Conclusion

In summary, I agree with the Magistrate Judge's thoughtful analysis and conclusions and do not think she made any legal error; and I will therefore adopt the Report and Recommendation and overrule the parties' objections.

\* \* \* \*

NOW THEREFORE, on this Twenty-second day of September in 2022, it is HEREBY ORDERED that:

1. Plaintiff's objections to the Magistrate Judge's Report and Recommendation (D.I. 46) are OVERRULED;

2. Defendants Snap Inc. and Zenly Inc.'s objections to the Magistrate Judge's Report and Recommendation (D.I. 47) are OVERRULED;

3. The Magistrate Judge's Report and Recommendation (D.I. 45) is ADOPTED;

4. Defendants' Motion to Dismiss (D.I. 37) is GRANTED IN PART and DENIED IN PART, consistent with this Order;

5. Plaintiff's request for jurisdictional discovery is DENIED.

_____
CHIEF JUDGE